# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**February 20, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**BRUCE A. BUZZARD,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0808**  (BOR Appeal No. 2045261)
(Claim No. 990058974)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PRINCESS BEVERLY COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bruce A. Buzzard, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Gary Mazezka, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 18, 2011, in which the Board affirmed a November 9, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 18, 2010, decision denying the addition of low back pain and bilateral elbow pain as compensable conditions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Buzzard worked for the Princess Beverly Coal Company when he was injured on March 19, 1999. The claim was held compensable for shoulder sprain, neck sprain, and cervical dislocation. On May 18, 2009, the claims administrator denied a request to add low back pain and bilateral elbow pain as compensable conditions in the claim.

The Office of Judges held that low back pain and pain in the elbows did not develop in the course of or as a result of Mr. Buzzard's employment. Mr. Buzzard disputes this finding and asserts that the evidence establishes the conditions were a result of the compensable injury.

In affirming the claims administrator's Order, the Office of Judges noted that the conditions did not manifest until several years after the compensable injury. It also noted that Mr. Buzzard had already stopped working when the symptoms began. The preponderance of the evidence does not establish that Mr. Buzzard developed low back pain and elbow pain in the course of or as a result of his employment. The Board of Review reached the same conclusions in its April 18, 2011, Order. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II